IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SUPPLY, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:06-cv-01261-UWC** |
| **MICON EARTH SUPPORT** ) | |
| **SERVICES, INC., AMERICAN** ) | |
| **INTERNATIONAL GROUP, INC.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON JURISDICTION**

Presently before the Court is the Notice of Removal (Doc. 1) filed by Defendant American International Group, Inc ("AIG") on the basis of diversity jurisdiction. Plaintiff, Supply, Inc. ("Supply"), initiated this action in Alabama state court claiming breach of contract and bad faith in connection with a liability insurance policy. (Doc. 1., Compl.)

This Court is obligated to raise the question of subject matter jurisdiction *sua sponte*. *See, e.g., Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001)("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*.") When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

It is well understood that diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and where there is complete diversity of citizenship between the parties. Here, because the parties are corporations with their principal places of business in different states, diversity of citizenship is not at issue.

However, the amount in controversy is at issue because Supply did not seek a specific amount of damages in its complaint. (Doc. 1, Compl.) AIG contends that "upon information and belief, Plaintiff claims damages in excess of $400,000." (Doc. 1.) According to the Eleventh Circuit Court, this mere contention is insufficient to establish that the jurisdictional amount is met. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (requiring that removing defendant "prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the jurisdictional amount]" and noting that "[t]he possibility that plaintiff may in the future seek or recover more damage is insufficient to support federal jurisdiction ...."). There is nothing in Supply's complaint that would lend credence to AIG's unsupported and undocumented contention. Therefore, AIG has failed to satisfy its burden of proving to a legal certainty that an award below the jurisdictional amount would be outside the range of permissible awards.

Accordingly, by separate order, this action will be remanded to the Circuit Court of Jefferson County, Alabama.

Done the 28th day of July, 2006.

_____
U.W. Clemon
Chief United States District Judge